Marjorie Argo Scates *et al. v.* Mr. and Mrs. Lowell
Sandefer.

(*Nashville,* December Term, 1931.)

Opinion filed December 21, 1931.

ᴌ.

MILES, WARING & WALKER, D. W. HARPER and ALLEN COX, JR., for plaintiffs in error.

HARREY E. JONES and GEORGE C. ROWLETT, for defendants in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

These two cases are predicated upon an automobile collision and were heard together. In one Mr. Sandefer was awarded $1,000 damages for injuries to his person, his automobile, and loss of his wife's services. In the other Mrs. Sandefer received a like sum for injuries to her person.

The defendants are Marjorie Argo Scates, W. D. Roberts, Sr., W. D. Roberts, Jr., and the International Sugar Feed Company of Memphis. The jury found against all of the defendants. The Court of Appeals reversed and dismissed the suits as to W. D. Roberts, Sr., but affirmed it in all other respects. The cases are before us upon separate petitions for *certiorari,* involving the liability of the Feed Company and W. D. Roberts, Sr. This opinion will be confined to the question of the liability of W. D. Roberts, Sr.

The accident occurred on a paved highway in Weakley County on the afternoon of July 4, 1929. The two Roberts, father and son, resided in Martin. The father

owned a Chandler sedan. The son, nineteen years of age, entered into a written contract with the Feed Company on June 1, 1929, to represent it as a traveling salesman for the purpose of selling its feed to farmers in Weakley County. He was to receive $125 per month, and was to furnish his own automobile, which the company agreed to keep insured "against liability and property damages, with limits of $7,500/$10,000 liability and $1,000 property damage," etc.

The contract further provided that the employe "will at all times, in respect to the work and service hereunder contemplated, be under the control and subject to the direction of the said Company in all his dealings and movements, and to devote his entire time (except Sundays and holidays) to soliciting orders for the said Company's feed from farmers, feeders and feed dealers, and thoroughly work every part of the territory assigned him."

Since this young man was not of age, the Feed Company required his father to sign the contract. The father thereupon turned over his Chandler car to his son to use in the execution of his contract of employment, with the understanding that the son was to look after the car, keep it in repair, etc. The young man made his home with his father, and while the car was not being used in his business it was used by himself and other members of the family for pleasure.

On the day of the accident the Feed Company maintained a booth at a fourth of July celebration in Martin, where it exhibited its feeds. Late in the afternoon H. H. Brinkley, District Manager for the Feed Company, directed young Roberts to drive one of the company's customers or prospective customers to his home in the

country, which he did. He invited two young ladies to accompany him, one of them being Marjorie Argo, who has since married Scates. On the return trip Roberts stated that he was tired and asked Marjorie to drive for him, which she did. He was seated beside her. In passing a truck the car collided with another coming from the opposite direction. The jury have found that young Roberts and Miss Argo were negligent, and that question is not now before us. W. D. Roberts, Sr., neither directed nor had knowledge of this trip to the country. Young Roberts was not on any mission for his father but was on a business trip for his employer. In these circumstances we hold, as did the Court of Appeals, that the father is not liable.

The principle upon which the "family purpose doctrine" rests is that the son operating the automobile was the servant of his father and engaged upon his business at the time the negligence occurred. *King* v. *Smythe,* 140 Tenn., 217, 221, 225; *Stumpf* v. *Montgomery* (Okla.), 32 A. L. R., 1490, and cases listed on pp. 1493-1494.

In *King* v. *Smythe, supra,* this Court said: "If a father purchases an automobile for the pleasure and entertainment of his family, and, as Dr. Smythe did, gives his adult son, who is a member of his family, permission to use it for pleasure, except when needed by the father, it would seem perfectly clear that the son is in the furtherance of this purpose of the father while driving the car for his own pleasure. It is immaterial whether this purpose of the father be called his business or not. The law of agency is not confined to business transactions."

In Huddy on Automobiles (6 Ed.), section 659, it is said:

"Where an automobile was purchased for the pleasure of the owner's family, it is not essential that he be enjoying the journey when an injury is occasioned to another traveler from the negligent operation of the machine. The owner is liable for the negligence of his child or other member of the family who is driving the car for the convenience and pleasure of other members of the family. The 'business' of the owner in such a case is the furnishing of pleasure to his family, and the driver is acting for him in the scope of his 'business' when he is driving the machine for such purpose."

In *Stickney* v. *Epstein*, 100 Conn., 170, 179, it is said:

"The rule rests on the broad ground that every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his affairs and within the scope of their authority. . . .

"When a paterfamilias maintains an automobile for the pleasure, use and convenience of his family and in pursuance of such purpose authorizes members of his family to use it for such purpose, he by so doing makes such pleasure uses his affair, and constitutes members of the family so operating the car his agents engaged in the prosecution of his affairs."

In *Foster* v. *Farra*, 117 Or. 286, 295, the court said:

"Where a father provides an automobile for the purpose of furnishing members of his family with outdoor recreation, the use of the car for such purposes is within the scope of the father's business, analogously to the furnishing of food and clothing or ministering to their health."

From *Moulton* v. *Langley*, 81 N. H. 138, 142, we quote as follows:

"When the head of a family supplies an automobile as a pleasure car for the use of his family, it can be found that he has made it his business to furnish entertainment for the members of the family, in which event he is liable for the negligence of any member who is permitted to use the car for such member's own personal pleasure, on the ground that the latter is using it in the owner's business as his agent."

In *Linch* v. *Dobson*, 108 Nebr. 632, 635, it is said:

"Where the head of a family has purchased or maintains a car for the pleasure of his family, he is, under the so-called 'family purpose' doctrine, held liable for injuries inflicted in the negligent operation of the car while it is being used by members of the family for their own pleasure, on the theory that it is being used for the purpose for which it is kept, and that in operating it the member of the family is acting as the agent or servant of the owner."

Where the "family purpose doctrine" does not apply, the authorities hold that an owner of an automobile who lends it to another is not responsible for the negligence of the latter in the use thereof during the time of the loan; at least, in the absence of negligence in intrusting it in the hands of a person incompetent to handle it. See cases listed in 68 A. L. R. 1009-1010. If the car is not purchased for the use of the family, and is loaned to a son, there is no liability. *Ritter* v. *Hicks* (W. Va.), 50 A. L. R. 1505.

Where an adult son lives in the home of his father, earns his own living, and pays board, there is no liability. *Bradley* v. *Schmidt* (Ky.), 57 A. L. R. 1100.

Where an adult son while on a visit to his parents took his father's car from the garage for his own use and injured another, a judgment against the father was held erroneous. *Warren* v. *Norguard,* 103 Wash. 284.

From the foregoing, and numerous other cases that could be cited, the "family purpose doctrine" is applicable where (1) the father purchases an automobile, (2) for the pleasure and comfort of his family, and (3) a member of the family in carrying out this purpose negligently injures another.

In the case under consideration the automobile was purchased by the father for the pleasure of his family, but was not being operated for the pleasure of the family when the accident occurred. It was not being operated in the business of the father nor for the pleasure and comfort of himself or family, but solely in behalf of the Feed Company, and in strict compliance with the contract made between the parties. In fact, under the contract, the elder Roberts had in effect loaned his car to the Feed Company upon an agreement that it would keep it insured. The mere fact that relationship of the parties is that of father and son does not impose liability upon the former. That the son was a minor is not controlling since the "family purpose doctrine" applies to an adult as well as to a minor. But the true test is, Was the son engaged in the father's business at the time of the accident? Under the facts of these cases we hold that he was not.

We have considered all of the assignments of error, and find that they are without merit. It follows that both writs will be denied.