MEYER SUNDOCK *et al. v.* BLANCHE PITTMAN *et al.*

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

CRABTREE & CRABTREE, SAM TAUBENBLATT and F. B. GIANOTTI, for plaintiff in error.

L. H. GRAVES, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Mrs. Pittman was awarded damages for personal injuries sustained when the automobile she was driving was struck by an automobile driven by Meyer Sundock. She was making a left turn at a street intersection, across the path of Sundock's automobile, when the accident occurred.

There were no other vehicles on the street at the time of the accident, about six o'clock in the morning. Mrs. Pittman testified that she saw Sundock's automobile a block distant when she started her turn, and there being abundant time for her to get across if he had been driving at a legal rate of speed, she did not look up the street again. She could not estimate his speed, but witnesses testified that his car was traveling at a rate of from thirty-five to fifty miles an hour, in violation of a city ordinance which fixed twenty-five miles as the maximum legal speed on the city streets.

The jury were instructed by the trial judge:

"Now, her theory is that this was, I believe she said, a block away coming towards her when she looked at it, and that she didn't know the rate of speed it was traveling; that she didn't look any more until she was struck. Gentlemen of the jury, she had a legal right to assume that this northbound car of the defendant would obey the law and she did not have to assume that this car was being driven in excess of twenty-five miles an hour, unless her view of it was such as to indicate to her that it was going at such rate of speed that he could not yield the crossing, in which event she was guilty of negligence if she undertook to go in front of him. If, however, the car was such a distance away that she did not know its rate of speed, she had the right to assume that it was traveling at a lawful rate of speed, and she would not be guilty of contributory negligence.

"If this northbound car was traveling at a lawful rate of speed and she had driven in front of it, even though she had reached the intersection first, and the northbound car was coming at a lawful rate of speed and yet she knew she would collide with it if she undertook to cross in front of it, she would be guilty of contributory negligence, under the law. But if when she undertook to cross the northbound car was such a distance away that had the defendant obeyed the law she could have crossed in safety, then she had a right to undertake to cross in front of it, unless she knew or should have known that it was exceeding the speed limit and that he could not stop, in which event she would be guilty of contributory negligence."

The jury were correctly instructed that any negligence on the part of Mrs. Pittman, contributing directly and

proximately to the accident would bar recovery in her behalf.

It is assigned as error that the trial judge refused to include in his charge a special request tendered by the defendants (plaintiffs in error), containing an instruction that if the jury should find negligence on the part of Mrs. Pittman contributing, not directly or proximately, but remotely to the accident, the jury should reduce or mitigate the amount of any damages awarded plaintiff in proportion as they might find that such negligence contributed to her injury.

Such an instruction, if given, could only have been referred by the jury to the testimony of Mrs. Pittman that she did not again look toward defendant's car, after she had located it a block distant at the time she started to turn across the street. On this point the jury were instructed in the charge that she had the right to assume that the defendant's car was being driven at a legal rate of speed, and was therefore under control. If this was a correct instruction, and we think it was, there was no evidence from which the jury might find remote contributory negligence. The opinion of the Court of Appeals holds: "When she started across the street (under the circumstances stated) it was her duty to look ahead into Chelsea Avenue (into which she was turning) and it was the duty of the driver of defendant's car to see her car which was in front of him in plain view, and it was his duty to slow down or pass to the left of her car, where there was plenty of open street to pass."

We therefore agree with the Court of Appeals that there was no evidence calling for an instruction on the effect to be given remote contributory negligence. If

Mrs. Pittman was negligent in failing to perceive the danger of collision in time to stop her car and avoid the accident, such negligence was directly and proximately, and not remotely, contributory, and the case was properly submitted to the jury on that hypothesis.

■ The jury returned their verdict against Meyer Sundock and Mrs. Myer Sundock jointly. This was in response to an instruction that Mrs. Sundock was liable for the negligence of her husband, the driver at the time of the accident, because she was the owner of the automobile and it was being used as a family car by her and her husband as either one saw fit to use it. This instruction is assigned as error.

The proof is that Sundock had bought the automobile and had given it to his wife. She did not drive it at all, but permitted her husband to use it. He supported himself and her, and presumably furnished fuel and oil for the automobile, from the proceeds of a business to which he was driving at the time of the accident.

Our cases in which the family purpose theory of liability for injuries caused by the operation of an automobile is formulated and applied do not sustain this application. *King* v. *Smythe,* 140 Tenn., 217; *Meinhardt* v. *Vaughn,* 159 Tenn., 272; *Scates* v. *Sandefer,* 163 Tenn., 558. Liability does not result from mere ownership, as in the case before us. Sundock bought and paid for the car and maintained it. He and not his wife was the head of the family, and at the time of the accident was using it in his own business. Under the circumstances of this case, and in the light of the opinion in *Meinhardt* v. *Vaughn, supra,* we do not doubt that if Mrs. Sundock had been driving the car at the time of the accident, she might have

been doing so as the agent of her husband, under the family purpose theory, notwithstanding his transfer of title or ownership of the car to her. The cases do not warrant a holding that the husband was his wife's agent under the circumstances of this case.

The amount of the damages awarded is, in our opinion, not excessive.

Other questions made by the assignments of error are sufficiently answered by the opinion of the Court of Appeals. The judgment of that Court will be reversed in so far as rendered against Mrs. Sundock and the case will be dismissed as to her. In all other respects the judgment of the Court of Appeals will be affirmed, with costs.