ADKINS *et al. v.* NANNEY.

(*Jackson*, April Term, 1935.)

R. L. McREYNOLDS, of Clarksville, for plaintiff in error.

COLLIER GOODLETT, of Clarksville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Nanney sued C. E. Adkins and his son, Oliver, for injuries received in an automobile collision. The jury returned a verdict against both for $1,000, which was approved by the trial court. The automobile in question was owned by C. E. Adkins, but was driven by his son, Oliver, at the time of the accident. The Court of Appeals reversed and dismissed the suit as to C. E. Adkins, pursuant to the motion in the trial court for a directed verdict, holding that under the facts Oliver was not driving the automobile on any business for his father, and was not his agent, so as to bring the case within the family purpose doctrine.

C. E. Adkins is a farmer residing on highway No. 12, about 13 miles south of Clarksville. His son, Oliver, is a bachelor, 30 years of age, resides with his father, and assists him in cultivating his farm. C. E. Adkins also has a daughter, Cecil, 27 years of age, who lives with him. The evidence shows that Cecil had the privilege of driving this car at any and all times, while the father, son, and daughter testified that the son was only permitted to drive it when the consent of his father was obtained. C. E. Adkins testified, in effect, that he thought more of his son than he did of his daughter. The evidence further shows that the son drives as well as the daughter, and the son testified that he knew of no reason why his father should permit Cecil to drive any time and require him to obtain permission to use the car. The father testified that he sometimes consented for his son to use the car and at other times his request was refused; that he made a distinction between

his son and daughter for the reason that Cecil usually drove him and the son had a car of his own. There is evidence that the son drove the car more frequently than the daughter, and was often seen driving his father. The son testified that he owned a car which was used by his brother, who resides in Clarksville, and who is a traveling salesman. He admitted that this car was registered in the name of his brother, and that his brother had paid the license fees for several years. His brother did not testify.

The accident occurred about 5 or 6 o'clock on a Saturday afternoon. Oliver spent the morning of that day assisting his father in stripping tobacco in the barn. That afternoon Cecil asked Oliver to drive her about two miles to her uncle's, where she was to spend the week-end, which he did, and instructed him to drive the car back home, as she did not wish to keep it during her visit. Instead of returning home directly, Oliver picked up some friends and was driving around for pleasure when the accident occurred. The father testified that he was in the barn when his son and daughter left, did not know that they were leaving and did not authorize Oliver to use the car on that occasion. There is no direct testimony that this car was purchased for the pleasure of the family.

In *Scates* v. *Sandefer,* 163 Tenn., 558, 563, 564, 44 S. W. (2d), 310, 311, it was held that the ''family purpose doctrine'' is applicable where (1) the father purchases an automobile, (2) for the pleasure and comfort of his family, and (3) a member of the family in carrying out this purpose negligently injures another. In that case the father had purchased a car for the use of his family and had loaned same to his 19 year old son to use in

his employment as a traveling salesman, and while so engaged the accident occurred. It was held that the father was not liable, the court saying: "If the car is not purchased for the use of the family, and is loaned to a son, there is no liability. *Ritter* v. *Hicks*, 102 W. Va., 541, 135 S. E., 601, 50 A. L. R., 1505.

"Where an adult son lives in the home of his father, earns his own living, and pays board, there is no liability. *Bradley* v. *Schmidt*, 223 Ky., 784, 4 S. W. (2d), 703, 57 A. L. R., 1100.

"Where an adult son while on a visit to his parents took his father's car from the garage for his own use and injured another, a judgment against the father was held erroneous. *Warren* v. *Norguard*, 103 Wash., 284, 174 P., 7."

In the Kentucky case just referred to, it is said: "It is true that Henry L. Bradley, Jr., was not a paid chauffeur, yet he was a man 24 years of age, out in the world making his own living, and, although residing with his father, paying for his board under the arrangements he had with Bradley Bros. While it may be true that a parent may be responsible for the negligence of his child in operating, with the parent's consent, an automobile maintained by the parent for family use where the child is living in the household of the parent as an object of his bounty and is a person whom the parent is under a moral or legal obligation to support, although the child may be using the machine for a trip for his own pleasure, yet, where these elements are not present, no ground of liability on the part of the parent can be discovered. Without the conditions mentioned, the adult child using the automobile for his own purpose and pleasure is serving no purpose of the parent, and so

the case falls without the principles of 'master and servant' and 'principal and agent.' With the mentioned conditions present, it may be that the child while operating the automobile with the parent's consent is carrying out a purpose or business of a parent by discharging the undertaking of the parent to afford pleasure to those dependent upon him morally or legally. But where the parent is under no such moral or legal duty, and where the child is an adult and has assumed a station in life in which he relies upon his own abilities, the lending of a machine by the father to the son in order that the latter may take a pleasure trip of his own does not establish any relationship of principal and agent or master and servant, for in truth the adult son when so using the machine is not discharging any function of the parent or carrying out any affair or business of the parent.''

''One of the grounds upon which the family purpose doctrine is based is the fact that the child is subject to parental control. In the case under consideration, the son had long since reached his majority and was earning his own living. He was in no sense dependent upon his father, was not being supported by him, and was not subject to his control. The father was no longer obligated to provide for his son's support, comfort, and pleasure. In these circumstances, even though we should conclude that the father at times permitted his son to use his car for business or pleasure, there would be no liability on the part of the father for his negligent acts any more so than for those of any other responsible person to whom he had loaned his automobile. We are not dealing with a case where the borrower is incompetent or reckless, there being no evidence in this case that the son comes within that category.

In *King* v. *Smythe,* 140 Tenn., 217, 204, S. W., 296, L. R. A., 1918F, 293, the father was held liable for the negligent acts of his 23 year old son, who, with the permission of his father, was driving his car for pleasure, the car having been purchased for that purpose. In that case the son was a student in college, was living with his father, and being supported by him. In these circumstances the court took the view that the son was subject to the control of his father. We are disposed to limit that case to its own facts in this particular.

The writ will be denied.