MESSER *v.* REID *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed January 16, 1948.

Rehearing denied February 28, 1948.

ROBT. M. NELSON, W. WRIGHT MITCHELL and DON G. OWENS, all of Memphis, for plaintiff in error.

ALBERT G. RILEY, of Memphis, for defendant in error.

JOHN W. HARRIS, of Memphis, for Donald Reid and Mrs. Wallace Reid.

Mr. Justice Gailor delivered the opinion of the Court.

These are actions for damages flowing from an automobile collision which occurred on the night of March 25, 1946, on Highway 70, outside the Memphis City Limits. In one suit Messer sued Mrs. Reid and her minor son, Donald Reid, for his own personal injuries and property damage, and in the second suit he sought damages from the same Defendants for the wrongful death of his wife who was killed in the collision. So explained, the two suits may be considered and decided together, as the principles of law involved are identical.

Demurrers to the declaration by Mrs. Wallace Reid were filed and sustained by the Trial Judge and Plaintiff, after taking nonsuits as to Donald Reid, has perfected appeal from the orders sustaining demurrers.

We take the facts which we deem pertinent from the allegations in the declaration. Mrs. Wallace Reid, as a widow and head of the family, owned an automobile which she permitted her minor son, Donald Reid, to use for his convenience and pleasure. On the night of the accident, he had driven the car to the Palms, a night club on Highway 70, east of Memphis in Shelby County, and during the evening he loaned the car to one Robert Charles Kaisi, so that Kaisi might drive the car into Memphis alone and come back later to join Donald and his party at the Palms. At the time the loan was made, Kaisi was intoxicated and had no driver's license. A short while after Kaisi drove the car from the Palms the accident occurred on Highway 70, between the Palms and the city limits, and the accident was the direct and proximate result of the negligent operation of the automobile by Kaisi.

It appears from the declarations that the liability of Mrs. Wallace Reid is based on two theories: (1) The

family purpose doctrine. (2) The legal liability of a parent for the torts of a minor son. To support the second theory the charge is made that Donald Reid was negligent in lending the car to Kaisi when the latter was drunk, unfit to drive and had no driver's license.

We consider the first theory. Bearing in mind that Donald Reid was not in the car at the time of the collision, the determining factor is the purpose of the loan of the car to Kaisi, and the latter's mission in the car at the time of the collision. The cases are uniform in holding that to state a cause of action under the circumstances against Mrs. Wallace Reid as head of the family under the family purpose doctrine, it was necessary to allege that Kaisi was not on a private mission in his own interest, but was on a mission for the business, convenience or pleasure of the head of the family, Mrs. Reid, or while the son was a passenger in the car. On this essential point the following is the only pertinent statement, which is identical in the two declarations: ''The defendant, Donald Reid, loaned and entrusted the said automobile to the said Robert Charles Kaisi, at the Palms, a nightclub on U. S. Highway 70 in Shelby County, Tennessee, in order that the said Robert Charles Kaisi might drive into Memphis and come back later that same night to the Palms and join the defendant, Donald Reid, and the rest of the party.''

Obviously, this allegation under the family purpose doctrine was insufficient and rendered the declarations fatally defective on demurrer.

The head of the family, under the family purpose doctrine, is liable only under the doctrine of respondeat superior. *Raines* v. *Mercer*, 165 Tenn. 415, 418, 55 S. W. (2d) 263; *King* v. *Smythe* 140 Tenn. 217, 221, 204 S. W. 296, L. R. A., 1918F, 293; *Keller* v. *Federal Bob*

*Brannon Truck Co.* 151 Tenn. 427, 437, 269 S. W. 914; *Knoxville Ice & Cold Storage Co.* v. *City of Knoxville*, 153 Tenn. 536, 561, 284 S. W. 866; *Scates* v. *Sandefer*, 163 Tenn. 558, 561, 44 S. W. (2d) 310.

Since Donald Reid was not in the car at the time of the collision the rule made in *Potter* v. *Golden Rule Grocery Co.* 169 Tenn. 240, 84 S. W. (2d) 364; *Tennessee Coach Co.* v. *Reece*, 178 Tenn. 126, 156 S. W. (2d) 404, is not applicable here, though these cases are cited in briefs and were argued at the bar.

Clearly, since the quoted allegation from the declarations is the only statement of the mission of Kaisi, the grounds of the demurrer of Mrs. Reid which assert that she is not liable under the family purpose doctrine, were properly sustained.

We consider next the second theory of the declaration that because Donald Reid was negligent in lending the car to Kaisi when the latter was drunk, that Mrs. Reid as a parent, is liable for this tort (negligence) of her minor son. This theory is unsound because under the facts as they are alleged here, the minor is not liable for the careful selection of his servants and agents, and, therefore, the parent is not liable on that account, since the parent is only liable when the minor is liable. This principle stems also from universally recognized rules of the doctrine of respondeat superior: "The tort must be the infant's own personal act. He is not liable upon the doctrine of respondeat superior. Upon the ground that an infant's appointment of an agent or servant is not binding upon him it is uniformily held that an infant is not liable for torts committed by his agent or servant." 27 Am. Jur. Infants sec. 90 p. 813.

A minor who was permitted by his father to use the latter's automobile loaned the car to a third person and

that third person when the minor was not a passenger in the car had a wreck. It was held that the minor could not be held liable for negligence under doctrines of agency, since a minor cannot appoint an agent. *Hodge* v. *Feiner*, 338 Mo. 268, 90 S. W. (2d) 90, 103 A. L. R. 483. To the same effect are *Haynie* v. *Jones*, 233 Mo. App. 948, 127 S. W. (2d) 105, at page 111, where in the course of the opinion it is said that to render an infant liable the "tortious acts must be committed by the infant himself, or under his immediate view, or by, his direction or authority." *Scott* v. *Schisler*, 107 N. J. L. 397, 153 A. 395; *Fernandez* v. *Lewis*, Tex. Civ. App., 92 S. W. (2d) 305.

Since, therefore, Donald Reid is not himself liable, his mother is not liable. *Raines* v. *Mercer*, 165 Tenn. 415, 418, 5 S. W. (2d) 263; *King* v. *Smythe*, 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918F 293; *Goodman* v. *Wilson*, 129 Tenn. 464, 166 S. W. 752, 51 L. R. A., N. S., 1116; *Keller* v. *Federal Bob Brannon Truck Co.*, 151 Tenn. 427, 269 S. W. 914.

The assignment of error is overruled and the judgments are affirmed.

All concur.

### On Petition to Rehear.

Petition to rehear has been filed in which it is sought to reargue the case: "A rehearing will be refused where no new argument is made, and no new authority adduced, and no material fact is pointed out as overlooked." Rules of Supreme Court, rule 32, 173 Tenn. 887; *Holmes* v. *Eason*, 76 Tenn. 754, 763; *Hume* v. *Bank*, 78 Tenn. 1, 7, 43 Am. Rep. 290; *Louisville & N. R. Co.* v.

*United States Fidelity & Guaranty Co.*, 125 Tenn. 658, 691, 693, 148 S. W. 671.

While not insisting that the Court overlooked any facts, petitioner insists that the Court overlooked certain legal authorities. The first of these is *Potter v. Golden Rule Grocery*, 169 Tenn. 240, 84 S. W. (2d) 364. In that case section 241 of the Restatement of the Law of Agency was under consideration and the *entire section* was set out in the opinion 169 Tenn. at page 246, 84 S. W. (2d) at page 366. Petitioner lifts subsection (c) from its context and quotes in his petition the following: ''Liability only where transfer is negligent. Under the rule stated in this section, in the absence of authority in the servant to delegate to another control over the instrumentality, the master is liable only if the servant, at the time he surrenders custody, has reason to believe that the change of custody is likely to result in harm to others. Such likelihood may exist because of the known incompetence or recklessness of the person to whom custody is given, or, in the case of an instrumentality likely to do harm if not carefully managed, because a servant does not know of the qualities of such person. Likewise, it may be negligent to surrender custody to one likely to abandon the instrumentality in a dangerous situation or to surrender its custody to an inexperienced person.''

By quoting only that part of the pertinent section of the Restatement of the Law of Agency which is favorable to himself, Petitioner seeks to make this authority serve his ends. The full quotation makes the *Potter case*, not an authority for Petitioner, but additional authority for the rule stated and applied in our original opinion: ''A master who has entrusted a servant with an instrumentality is subject to liability for harm caused by its negligent

management by one to whom the servant entrusts its custody *to serve the purposes of the master,* if the servant should realize that there is an undue risk that such person will harm others by its management." (Our italics.) Restatement of the Law of Agency, Vol. 1, sec. 241.

Since the subject matter of (c) is a "pertinent comment" (*Potter case* 169 Tenn. at page 246, 84 S. W. (2d) at page 366) on the rule of Section 241, the language, "to serve the purposes of the master" is necessarily implied in (c).

Petitioner next complains that we did not cite *Harrison* v. *Carroll,* 4 Cir., 139 F. (2d) 427. That case has no application to the question presented on this appeal, since the question there was one of the liability of the minor, and it appears from the present record that in the minor's case a nonsuit had been taken in the Trial Court before we heard the appeal.

Finally, it is complained that we did not consider *Nicholson Const. Co.* v. *Lane,* 177 Tenn. 440, 150 S. W. (2d) 1069. That case has no application to the facts here because the loan there was made by the owner himself, and not by an agent.

Petition denied.

All concur.