REDDING et al. v. BARKER et al.
BELEW v. BARKER et al.—
230 S. W. (2d) 202.

Western Section.   January 6, 1950.

Petition for Certiorari denied by Supreme Court, March 17, 1950.

Waldrop, Hall & Winningham, of Jackson, for plaintiffs in error.

Hughie Ragan, Roger Murray, Whit LaFon, all of Jackson, for defendants in error.

ANDERSON, P. J.  These were two tort actions grounded on negligence and arising out of a collision between two motor vehicles.  They were tried together in the Circuit Court.  One was instituted by William A. Redding and wife, Maude Redding, as next of kin of William Brown Redding, deceased, against M. B. Barker, Sr., and M. B. Barker, Jr., to recover damages for the wrongful death of the said William Brown Redding. The other was instituted by Robert C. Belew against the same defendants, seeking damages for personal injuries.

In the first case there was a jury verdict for the plaintiffs, assessing the damages at $2,500; and in the second case there was a verdict assessing the plaintiff's damages at $50.  Upon a consideration of a motion for a new trial, the judge sustained a motion for a directed verdict by the defendant, M. B. Barker, Sr., in both cases, and entered the judgment dismissing both suits as to that defendant.  He approved the verdict in both cases as to the defendant M. B. Barker, Jr., and there is no complaint about that action.  We are concerned only with an appeal in error by the respective plaintiffs from the judgment of the court sustaining a motion for a directed verdict as to the defendant, M. B. Barker, Sr.

The accident occurred some two miles north of the city limits of Jackson. The vehicles involved were a one and one-half ton Studebaker truck driven by the defendant, M. B. Barker, Jr., and occupied also by his brother D. P. Barker, who was riding as a passenger; and a 1937 Ford sedan, owned and being operated by William Brown Redding, in which the plaintiff Belew was riding as a passenger. There was a collision between the two vehicles, as a result of which William Brown Redding was killed and Belew suffered minor injuries.

The truck was owned by the defendant, M. B. Barker, Sr. The defendant, M. B. Barker, Jr. is his twenty year old son. Barker, Sr. is a farmer, living about two or three miles from Jackson. M. B. Barker, Jr. and his brother, D. P. Barker, reside with him as members of his household. When the accident occurred, the two sons were returning in the truck from Jackson where they had gone from their home for the purpose of attending a moving picture show.

The plaintiffs assert that the appeal in error presents two questions, namely, (1) was the truck owned by the defendant Barker, Sr. and being driven by his son and co-defendant, Barker, Jr., within the "family purpose" doctrine so as to make Barker, Sr. responsible for the negligence of his son, which caused the injury and death; and (2) was the defendant Barker, Sr., guilty of negligence which operated as a proximate cause of the death and injuries, in that he knowingly authorized and permitted his son Barker, Jr., to operate upon a public highway his truck which was in a dangerously defective condition, in violation of the applicable statutory laws of Tennessee?

■■ As to the latter question, it is sufficient answer to say that that theory of the causes of action is not presented by the declarations. The only reasonable construction to be given the averments of these pleadings is that the injuries were due not to any negligent act or acts on the part of Barker, Sr., but solely to the negligence of his son, Barker, Jr., and that said negligence was imputable to Barker, Sr. under the "family purpose" doctrine. A verdict and judgment on any other theory would have been beyond the scope of the pleadings and not permissible, for it is axiomatic that a plaintiff can recover only on the negligence pleaded and a verdict and judgment based on acts of negligence not pleaded is void, however well proven such acts may have been. Gentry v. Betty Lou Bakeries, 171 Tenn. 20, 100 S. W. (2d) 230; East Tenn. Coal Co. v. Daniel, 100 Tenn. 65, 42 S. W. 1062; Wilson v. Moudy, 22 Tenn. App. 356, 123 S. W. (2d) 828, and Cf. Poster v. Andrews, 182 Tenn. 671, 189 S. W. (2d) 580; Bradshaw v. Van Valkenburg, 97 Tenn. 316, 37 S. W. 88.

The other question involves a determination of whether, when considered in the light most favorable to the plaintiffs, there was any evidence of a substantial nature to justify a conclusion that Barker, Sr., was liable for the negligent acts of his son under the "family purpose" doctrine.

■ Under this doctrine the head of a family who maintains a motor vehicle for the general use, pleasure and convenience of the family is liable for the negligence of any member of the family driving the vehicle with his consent either express or implied. King v. Smythe, 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918 F. 203. The doctrine prevails in some jurisdictions, but an increasing

number of courts decline to apply it. Indeed in some jurisdictions where the doctrine was at first accepted the courts have since changed their views and repudiated it. Prosser on Torts, Sec. 66, p. 500; 60 C. J. S., Motor Vehicles, Section 433, p. 1067.

The annotations appearing in 64 A. L. R. 844; 88 A. L. R. 601; 100 A. L. R. 1021; and 132 A. L. R. 981, demonstrate the divergence of views and the recent tendency in a number of jurisdictions to limit the application of the doctrine.

The difficulty with which the courts have been confronted in consideration of the "family purpose" doctrine lies in its apparent departure from the principle of the rule respondeat superior and it has been said to be an undue strain upon that rule. Meinhardt v. Vaughn, 159 Tenn. 272, 276, 17 S. W. (2d) 5; 5 Amer. Jur. 705, Sec. 365. Moreover, it is contrary to the "accepted rule that the head of a household is not liable when without negligence he entrusts other chattels, such as that of guns or golf clubs, to members of the family" for their convenience or pleasure. Prosser on Torts, Sec. 66, p. 502.

Since the decision in King v. Smythe, supra, the family purpose doctrine has prevailed in this State, Schwartz v. Johnson, 152 Tenn. 586, 280 S. W. 32, A. L. R. 323; Williamson v. Howell, 13 Tenn. App. 506, but it has not been applied as broadly here as in some jurisdictions and our courts have manifested a disinclination to extend it. Meinhardt v. Vaughn, supra, 159 Tenn. at page 278, 17 S. W. (2d) 5; Sundock v. Pittman, 165 Tenn. 17, 52 S. W. (2d) 155 and cf. Adkins v. Nanney, 169 Tenn. 67, 82 S. W. (2d) 867, with Watson v. Burley, 105 W. Va. 416, 143 S. E. 95, 64 A. L. R. 839.

With us the doctrine is regarded as resting strictly upon the principles of master and servant, or agency, and liability is imposed on the owner only where it can be done consistently with the principles of respondeat superior. Messer v. Reid, 186 Tenn. 94, 208 S. W. (2d) 528; Long v. Tomlin, 22 Tenn. App. 607, 125 S. W. (2d) 171. The theory is that a member of a family group who furnishes and maintains a vehicle for the pleasure and convenience of the other members of the family, makes its use his affair or business and that in using the vehicle the members of the family are furthering the purpose for which it is maintained by the owner. Scates v. Sandefer, 163 Tenn. 558, 44 S. W. (2d) 310.

■ Hence the test of whether the doctrine applies in a particular case is twofold: (1) Whether at the time of the accident the vehicle involved was being maintained by the owner for the use and pleasure of the family group of which he was a member; and (2) whether at the time of the injury it was being used in furtherance of that purpose with the permission, either expressed or implied, of the owner. In some cases, the particular type of the vehicle may have a substantial bearing on the issue of whether it was maintained for the pleasure of the family, but it is not conclusive. Nor does the fact that the owner used the car in the prosecution of his business, exclude the idea that when not engaged in such use it was at the disposal of the other members of the family, to be used for their pleasure and convenience. King v. Smythe, supra.

In the present case, there was not only no substantial evidence to show that the truck was maintained by the owner Barker, Sr., wholly or partly for the pleasure and convenience of his family, but the undisputed evidence

showed that it was maintained by him for farming purposes. It is true that occasionally Barker, Sr., having no other vehicle, did himself use the truck to transport his family to and from church and the like, but this fact does not make the family purpose doctrine applicable to its use by other members of the family. It is also true that the members of the family, including the defendant, Barker, Jr. occasionally used the truck for their own pleasure. But by the undisputed evidence, it was shown that upon each occasion it was necessary that they seek and obtain the permission of Barker, Sr. before using the vehicle, and that they in fact did do so. Sometimes such permission was granted and sometimes it was declined. No member of the family had general permission to use the vehicle.

█ The family purpose doctrine does not apply where the members of the family must obtain special permission on each occasion of the vehicle's use by them; nor does it apply where there is no evidence that the vehicle was maintained wholly or partly to serve the convenience of the family. Woodfin v. Insel, 13 Tenn. App. 493, 495; Long v. Tomlin, 22 Tenn. App. 607, 125 S. W. (2d) 171; 60 C. J. S. Motor Vehicles, Section 434, p. 1075. Cf. Scates v. Sandifer, supra and Adkins v. Nanney, supra.

█ Hence, under the undisputed facts, Barker, Jr., at the time in question, was no more than a bailee of the truck, and this being true, the negligence of the son was not imputable to the father.

With respect to the applicability of the "family purpose" doctrine, to the use by a member of the family of the truck maintained for farming purposes, we reached the same conclusion in the case of Sullivan, Adminis-

trator, v. Pierce, from the law docket of Obion County, unreported opinion by Judge Swepston, filed July 2, 1948. The ruling there made presages the course of the decision in the present case and fully sustains it.

In support of the contrary view, the plaintiffs confidently rely upon the recent case of Hill v. Smith, Tenn. App., 222 S. W. (2d) 207, decided by the Eastern Division of this court.

In that case it was held that where a mother furnished an automobile for her minor son to drive to and from a Y. M. C. A. meeting, attended by the son for his moral and cultural benefit, the use of the vehicle was within the "family purpose" doctrine, rendering the mother as owner of the machine liable for the negligent acts of the son while engaged in such a mission. It seems that there the father, and not the mother, was the head of the family and that he owned and maintained another automobile for the pleasure and convenience of his family. Considering this fact and the test cited as authority for the conclusion reached (5 Amer. Jur. 708, Sec. 371; and 64 A. L. R. 878), it appears probable that the attention of the Court was centered on the question of whether the "family purpose" doctrine was applicable to situations where the automobile in question is owned by one of the family group other than the head of the family, as for instance by a daughter, son or mother. The authorities cited by the Court hold that this question is to be answered in the affirmative in those jurisdictions where the "family purpose" doctrine is recognized. But they are unanimous in the view that it is a prerequisite to the applicability of the doctrine that the vehicle be maintained by the owner as a member of the family group for the pleasure and convenience of the other

members of the family with general permission to them to use it for that purpose. 5 Am. Jur. 708, Section 371, Annos. 64 A. L. R. 878; 88 A. L. R. 615; 100 A. L. R. 1029; 132 A. L. R. 992; Woodfin v. Insel, supra, 13 Tenn. App., at page 499.

Hence, it must be assumed that at the time of the accident under consideration in Hill v. Smith, it appeared that the car was being maintained by the mother for the purpose for which the son was using it.

Moreover, the facts of the case put it under the rule applicable where the accident occurs in the course of a venture in which the owner of the car owes a duty, as where a parent furnishes a car for use by a minor child in going to and from school. Mebas v. Werkmeister, 221 Mo. App. 173, 299 S. W. 601; Foster v. Farra, 117 Or. 286, 243 P. 778.

The basis of liability in a case of that kind is considered in this jurisdiction to be found in the duty of the parent respecting the education of his children in a manner suitable to their station, and rests upon the doctrine of principal and agent rather than upon the "family purpose" doctrine. Meinhardt v. Vaughn, supra. By statute in this state, the duty of the mother in the respect mentioned is no less than that of the father. Code, Section 8463; Brooks v. Brooks, 166 Tenn. 255, 61 S. W. (2d) 654; Rose Funeral Home v. Julian, 176 Tenn. 534, 144 S. W. (2d) 755, 131 A. L. R. 858. Hence, while it cannot be doubted that the conclusion reached in Hill v. Smith was fully justified, we think decision is to be confined to its particular facts and not construed as extending the "much criticized (family purpose) doctrine." Cf. Meinhardt v. Vaughn, supra, 159 Tenn., at page 278, 17 S. W. (2d) at page 7.

We take it that in the present case it would not be contended that the father was under any duty to send his twenty-year old son to a moving picture show. Apart from other reasons, it cannot be assumed that one attending such a spectacle is engaged in moral or cultural pursuits.

The result is the judgment is affirmed at the cost of the plaintiffs in error.

Swepston, J., and Tipton, Sp. J., concur.