Glen H. GRAY and Nancy Ellen Gray, individually and as natural parents and next of kin of John Chad Gray, a minor, deceased, Plaintiffs–Appellants,

v.

Ralph K. AMOS, Defendant–Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

July 1, 1993.

Application for Permission to Appeal Denied by Supreme Court Nov. 29, 1993.

Stephen Craig Kennedy, Selmer, for plaintiffs-appellants.

Clinton V. Butler, Jr., Jackson, Terry Abernathy, Selmer, for defendant-appellee.

CRAWFORD, Judge.

This case involves the applicability of the family purpose doctrine. On September 29, 1988, John Chad Gray, the minor son of plaintiffs, Glen and Nancy Gray, was, along with Keith Rowsey, a passenger in a 1987 Honda Civic automobile being driven by

Ralph K. Amos, III (Trae), the son of defendant, Ralph K. Amos, Jr. At approximately 9:54 a.m. on September 29, 1988, the Honda Civic driven by Trae in an eastwardly direction on Old Shiloh Road near Adamsville, Tennessee, left the roadway, traveled approximately 180 feet and struck a tree. Trae Amos was killed in the collision and Keith Rowsey was seriously injured. Chad Gray died in the hospital on October 7, 1988, as a result of injuries sustained in the crash.

Plaintiffs filed this wrongful death action and alleged that defendant was vicariously liable for the negligence of his son under the family purpose doctrine. Defendant filed a motion for summary judgment, arguing that the family purpose doctrine does not apply and that defendant should not be held liable for the injuries sustained in this accident. The court granted defendant's motion, and the sole issue presented on appeal is whether the trial court erred in granting the defendant's motion for summary judgment.

■ Summary judgment is rendered by a trial court only when it is shown there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03. In ruling on a motion for a summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993).

■ The sole question for determination is whether there is any dispute of material fact as to the applicability of the family purpose doctrine. The facts bearing on this question are presented in affidavits and discovery depositions. The 1987 Honda Civic involved in the accident was titled in the name of defendant, Ralph K. Amos, Jr., Trae Amos' father. Defendant purchased the car in the summer of 1988 and was solely responsible for the payments of the financed purchase price. The defendant also purchased the insurance for the vehicle and was the named insured in the policy. Defendant testified that his son,

Trae, was responsible for maintenance and operation of the vehicle. Defendant stated that, although titled in his name, the car belonged to Trae and was used exclusively by him. Defendant conceded that Trae used the vehicle to run family errands and that both he and his wife had driven the car on occasion.

■ Under the family purpose doctrine, the head of a family who maintains a motor vehicle for the general use, pleasure and convenience of the family is liable for the negligence of any member of the family driving the vehicle with his expressed or implied consent, but liability is imposed on the owner only when it can be done consistently with the principles of respondeat superior. *King v. Smythe*, 140 Tenn. 217, 204 S.W. 296 (1918); *Redding v. Barker*, 33 Tenn.App. 132, 230 S.W.2d 202 (1950); *see Stephens v. Jones*, 710 S.W.2d 38 (Tenn.App.1984); 4 Tenn.Juris., *Automobiles* § 16 (1991). The family purpose doctrine is applicable when the head of the household purchases an automobile for the pleasure and comfort of his family, and a member of the family in carrying out this purpose negligently injures another. *Scates v. Sandefer*, 163 Tenn. 558, 44 S.W.2d 310 (1931).

■ In order to make a case under the family purpose doctrine, it is necessary to prove that the vehicle was purchased and maintained by the owner as a member of the family group for the pleasure and convenience of the other members of the family with general permission for them to use it for that purpose. The doctrine does not apply where the members of the family must obtain special permission on each occasion of their use of the vehicle. *Harber v. Smith*, 40 Tenn.App. 648, 292 S.W.2d 468 (1956); *Redding v. Barker*, 33 Tenn.App. 132, 230 S.W.2d 202 (1950).

Defendant relies on the case of *Redding v. Barker*, 33 Tenn.App. 132, 230 S.W.2d 202 (1950), in which the court affirmed the trial court's directed verdict for defendant father in a suit for damages resulting from a collision of plaintiff's car and a truck owned by the father, but driven by his son. The court said:

In the present case, there was not only no substantial evidence to show that the truck was maintained by the owner Barker, Sr., wholly or partly for the pleasure and convenience of his family, but the undisputed evidence showed that it was maintained by him for farming purposes. It is true that occasionally Barker, Sr., having no other vehicle, did himself use the truck to transport his family to and from church and the like, but this fact does not make the family purpose doctrine applicable to its use by other members of the family. It is also true that the members of the family, including the defendant, Barker, Jr., occasionally used the truck for their own pleasure. But by the undisputed evidence, it was shown that upon each occasion it was necessary that they seek and obtain the permission of Barker, Sr., before using the vehicle, and that they in fact did do so. Sometimes such permission was granted and sometimes it was declined. No member of the family had general permission to use the vehicle.

230 S.W.2d at 205.

Defendant also relies on the case of *Boles v. Russell,* 36 Tenn.App. 159, 252 S.W.2d 801 (1952), in which the Court stated that mere ownership of an automobile is not controlling in determining whether the family purpose doctrine applies to an individual case. In *Boles,* the court held that the family purpose doctrine did not apply to a situation where the father financed the car and the car was registered in father's name when his son was involved in an accident. In that case, the son attempted to buy the car but the finance company refused to sell the car to an unmarried, 29 year old man. The proof further revealed that the son had moved away from home and had only recently moved back in with his father. The court said:

In this case respondeat superior could not apply because the father neither bought the car for the benefit of the family nor maintained it for that purpose. He merely consented that one member of the family might use his name so that that particular member of the family might provide himself with a car at his own expense. We think the jury could look behind the title in

determining the question of the right of control.... Liability without personal fault or control or the right of control over the acts of another whose negligence causes an injury is contrary to accepted principles of legal liability.

252 S.W.2d at 803.

The facts in the case at bar are significantly different from the facts in *Redding* and *Boles.* In the instant case, defendant purchased the automobile for the general use of the minor son. The son used the automobile for his pleasure and convenience and was not required to seek permission for the use of the vehicle. Defendant's son was a high school student, 17 years of age, and under the parental control of the defendant. One of the grounds upon which the family purpose doctrine is based is the fact that the child is subject to parental control. *Adkins v. Nanney,* 169 Tenn. 67, 82 S.W.2d 867 (1935). As we view the record in this case, it appears that it is undisputed that the defendant purchased the vehicle for the pleasure and convenience of his family and it was at least partially maintained by the defendant as a family vehicle for the general use of his minor son.

■ Defendant further asserts that even if the automobile is a family purpose automobile, the actions of Trae on the date of the accident were beyond the course and scope of any authority extended to him and those acts were not in furtherance of any family purpose. In order to impose liability under the family purpose doctrine, the family member must have been utilizing the vehicle at the time of the injury "in furtherance of that purpose with the permission, either expressed or implied, of the owner." *Redding,* 230 S.W.2d at 205; see also *Stephens v. Jones,* 710 S.W.2d 38 (Tenn.App.1984); *Long v. Tomlin,* 22 Tenn.App. 607, 125 S.W.2d 171 (1938). The accident occurred at approximately 9:54 a.m., and at that time Trae should have been attending school. An affidavit from Trae's principal indicates that it was a regular school day and Trae's attendance was not marked as having an excused absence on that day. Defendant argues that Trae and the other passengers deliberately chose to cut class and skip school, that this

action was completely outside the scope of the authority given Trae by his father, and was not in furtherance of any family purpose. We note, however, that the record establishes that Trae had unlimited permission to use the vehicle and although the defendant may not like the fact that Trae was out of school, it certainly can be inferred that the vehicle was being used for Trae's pleasure.

 We agree that in order to impose liability under the family purpose doctrine, there must be proof that at the time of the occurrence the vehicle was being used in furtherance of the family purpose. However, from our review of the evidence, the affidavit of the school principal that Trae's absence from school was not excused does not negate the possibility that the vehicle was being used in furtherance of a family purpose. There is no evidence in the record of the destination of Trae and his friends or the purpose for which they were going. As to the use of the vehicle on the occasion of the accident the defendant has not properly supported his motion sufficiently to require plaintiff to set forth specific facts establishing that there are disputed issues of material fact. *See Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn.1993). In *Byrd,* Justice Drowota, speaking for the Court, said:

> When a material fact is in dispute creating a genuine issue, when the credibility of witnesses is an integral part of the factual proof, or when evidence must be weighed, a trial is necessary because such issues are not appropriately resolved on the basis of affidavits.

847 S.W.2d at 216.

In *Evco Corp. v. Ross,* 528 S.W.2d 20 (Tenn.1975), the Supreme Court said:

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because

summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

528 S.W.2d at 24–25.

From our review of the record in this case, we perceive that there is a genuine issue as to the applicability of all of the elements of the family purpose doctrine.

Accordingly, the order of the trial court granting summary judgment to defendant is reversed and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellee.

TOMLIN, P.J. (W.S.), and HIGHERS, J., concur.