■ Lewis Burgess, Respondent, v. Joseph R. Fadden et al., Appellants.

Hamm, J. The defendants-appellants, Joseph Robert Fadden and Joseph Robert Fadden, Jr., are respectively father and son. They appeal from a judgment against them entered on the verdict of a jury. Father and son appeared by separate attorneys on the trial and have filed and served separate notices of appeal and briefs. The plaintiff-respondent sued to recover damages for personal injuries sustained when he was struck in the leg by a power saw owned by the father and operated by the son, while the son was clearing land owned by his father and mother. On this appeal the appellants do not contest either the negligence of the son or the reasonableness of the verdict.

The sole issue raised by the father is stated in his brief as follows:

"Actually there was no question of fact involving agency for the jury to decide. At best, there might have been an inference of implied permission or authority for the son to use the power saw in the absence of his father and without his supervision. This was a far cry from the conclusion that the son thereby became the agent of his father.

"* * *

"Knowledge or acquiescence on the part of the father that his son would use the power saw in his absence to help Burgess clear the land did not result in the designation by the father of his son as his agent."

The evidence established the following facts: The father and his wife were the owners of the premises on which the work was being done by the plaintiff; the father was the owner of the power saw being used by his son; the son had used the power saw to clear the premises of his father during the Fall of 1961 and Spring of 1962; the plaintiff was engaged by the father to clear his premises

as an independent contractor; the plaintiff had observed the son using the power saw on occasions prior to June 30, 1962, for the purpose of helping his father clear the land; on June 30, 1962, the son asked the plaintiff if he wanted help in his work and was told by him "sure", "yes", "it is up to him, or he could if he wanted to"; the son had used the power saw in the plaintiff's presence and under the supervision of his father on several occasions prior to June 30, 1962; the assistance which the son rendered the plaintiff on June 30, 1962, benefited the father and the father at no time told the plaintiff that the son was not to work with it. Both the son and the father testified that the father had instructed the son not to use the saw except in the father's presence.

At the close of the plaintiff's testimony the father moved for a dismissal of the complaint and at the close of all of the evidence moved for a directed verdict on all grounds previously stated. The court instructed the jury on the question of agency in a charge to which no exception was taken and as to which no request was made by the father except as follows:

"The defendant Joseph Fadden, Sr., takes exception to that part of the Court's charge that refers to the absence of the wife of the said defendant. And I request the Court to charge that no person is liable for the acts of another unless he has expressly or impliedly made such other his representative, and the burden of proof as to the question of agency in this case is on the plaintiff Lewis Burgess.

"The Court: I believe I covered that in the main charge. And I would further say the burden of proving agency is upon the plaintiff Lewis Burgess."

We find the contention that "The evidence failed to establish any agency" to be without merit.

The only issue raised by the defendant-appellant son is that the plaintiff "by leaving a safe place and proceeding into a hazardous area, voluntarily assumed the risks and was guilty of contributory negligence as a matter of law." The evidence indicated, or at least the jury could find, the following facts: The plaintiff was working about 100 feet from the son; the plaintiff had assisted the son in the operation of the saw on one or two prior occasions on the day of the accident; when there was difficulty with the operation of the saw the plaintiff approached the son and spoke to him; the son looked up and knew that the plaintiff was present; the plaintiff stood about four feet to the rear and right of the saw which was cutting away from the plaintiff and from right to left; to facilitate the operation the plaintiff seized a sapling or spur protruding from the stump at which time he was still approximately four feet to the rear of the saw on the right; when there was difficulty with the saw, the son, as he stated, "over-corrected", as a result of which the saw came into contact with the plaintiff.

On this record the court was correct in submitting to the jury the issue of the plaintiff's contributory negligence.

Judgment affirmed, with costs.

Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.