**Evelyn STEPHENS, Plaintiff-Appellee,**

**v.**

**Barry G. JONES, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 6, 1984.

Application for Permission to Appeal Denied by Supreme Court Oct. 1, 1984.

Alan Mark Turk, Flynn & Associates, Attorneys P.C., Nashville, for plaintiff-appellee.

Thomas W. Schlater, Brenda R. Measells, Nashville, for defendant-appellant.

## OPINION

CANTRELL, Judge.

The question in this action, involving a mother-passenger in her own car being driven by her sixteen year old daughter, is whether the trial judge should have instructed the jury on principles that would have allowed the jury to impute the contributory negligence of the driver to the passenger.

On August 13, 1981, after having spent much of the day at a yard sale, Gyndee L. Brown and her mother, Evelyn Stephens, decided to drive home. Gyndee, the driver of the car, was sixteen years old at the time. Because Ms. Stephens needed some salt, Gyndee stopped at a market. After the salt had been purchased, Gyndee attempted to turn left from the market parking lot onto Nashville's Dickerson Road. As Gyndee was making the turn, the car she was driving collided with the vehicle driven by the appellant, Mr. Barry G. Jones. The appellant had just turned right onto Dickerson Road from Hart Lane.

The appellant initially sued Gyndee Brown in General Sessions Court and obtained a judgment. When the appellant's action was heard de novo in the Circuit Court it was consolidated with an action the appellee, Mrs. Stephens, had filed against the appellant.

At the trial in the Circuit Court, the appellant objected to the trial judge's use of Tennessee Pattern Jury Instruction 5.21 which states:

The motor vehicle in which the passenger was riding at the time of the accident was being driven by [*Ms. Brown*]. With respect to the claim of [*Mrs. Stephens*] against [*Mr. Jones*], any negligence on the part of the driver [*Ms. Brown*], is not chargeable to the passenger.

The jury expressly found that both drivers were negligent. Therefore, the jury found that the contributory negligence of Mr. Jones precluded him from recovering in his action against Gyndee Brown. However, the jury rendered a verdict for Mrs. Stephens against Mr. Jones in the amount of $2,500.00, presumably because of the instruction of the trial judge that the negligence of Ms. Brown was not imputable to Mrs. Stephens.

■ As a threshold issue the appellee argues that the appellant did not make his objections to the jury instructions in writing as Rule 51 of the Tennessee Rules of Civil Procedure requires. Further, the trial judge wrote in his memorandum that at the trial of this action counsel for the appellant "seemingly acquiesced" to opposing counsel's argument that no charge on imputed evidence should be given. However, Rule 51 also goes on to provide that objections to jury instructions can be raised for the first time in a motion for a new trial. The committee comments on Rule 51 state that a requirement that all objections be stated at the trial as the federal rules require would place an unfair burden on trial counsel. Therefore, we do not feel that the appellant waived the right to raise these issues on appeal.

■ In *Cole v. Woods*, 548 S.W.2d 640 (Tenn.1977), the Tennessee Supreme Court held that the negligence of an automobile driver could be imputed to the owner only upon a finding of a master-servant relationship or a joint enterprise. However, the Court in *Cole* went on to state:

The rules of respondeat superior are unaffected [by this ruling]. In an action by a third party brought against a master, his vicarious liability is unaffected, and the negligence of his servant is chargeable to him and he is answerable therefor. *Cole v. Woods*, at 548 S.W.2d 651.

Section 486 of the Restatement of Torts, Second says:

A master is barred from recovery against a negligent defendant by the

negligence of his servant acting within the scope of his employment.

In the case at bar, we do not believe the evidence before the trial court necessitated that the jury should have been charged as to the joint enterprise theory of imputation. Comment c to Section 491 of the Restatement of Torts, Second lists the essential elements of a joint enterprise as being:

(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

In *Cecil v. Hardin*, 575 S.W.2d 268 (Tenn.1978), the Tennessee Supreme Court stated:

Liability predicated on a joint venture theory of mutual responsibility is not imposed in instances in which the parties join together purely for pleasure, but is reserved, rather, for cases in which the parties associate for business, or expense sharing, or some comparable arrangement. *Cecil v. Hardin*, at 575 S.W.2d 272.

It is obvious that the trip to the garage sale in this case was purely pleasurable and that the appellee and her daughter did not share a business relationship. Therefore, we affirm the trial court's refusal to make a special instruction on the question of a joint enterprise.

However, the appellant makes a much more forceful argument concerning a possible master-servant relationship between the appellee and her daughter.

With respect to the question of a master-servant relationship between family members, the Restatement of Agency has this to say:

A child can pursue his own private affairs as distinguished from the business of his parent, and if in doing so he is using the family automobile by permission of his father, he is in a position of a bailee rather than of a servant. A child, however, may be the servant of his parent in driving an automobile in pursuance of his parents orders or in his parents business. If, for instance, a minor son is driving the family automobile with his father in the back seat, it is inferred that because of the ownership and the parental relation the parent has such control as causes him to be the master for this purpose.... If a child drives the family automobile, not in pursuit of a private purpose of his own but at the request of some other member of the family—as, for example, where the mother requests the son to drive her to town—it may be found that the child is substantially in the position of a family chauffeur for whose torts the head of the family is subject to liability.

*Restatement (Second) of Agency* § 238, Comment c (1958).

We conclude, therefore, that a master-servant relationship may exist between members of a family without the formality of an employment agreement. That being the case we think a jury question exists as to whether such a relationship existed between Ms. Brown and Mrs. Stephens. The jury should have been charged that if they found a master-servant relationship existed then Ms. Brown's negligence would be imputed to Mrs. Stephens.

In one of the cases relied on in *Cole v. Woods*, the Supreme Court of Pennsylvania made these observations:

First, plaintiff ought not to be barred from recovery against a negligent defendant by the contributory negligence of a third person unless the relationship between a plaintiff and the third person is such that the plaintiff would be vicariously liable as a defendant for the negligent acts of a third person: Prosser, The Law of Torts, § 73 (3rd Ed.1964), Restatement 2d Torts, §§ 485, 486, and 491 (1965). *Smalich v. Westfall*, 440 Pa. 409, 412, 269 A.2d 476, 480 (1970).

A peculiar way to finding a master-servant relationship, and consequently vicarious liability, has developed through the application of "the family purpose doctrine." This doctrine rests on the presumption that if a family member operates an automobile that is owned and used for family purposes the family member is the servant of the owner of the automobile and is engaged upon his business at the time the negligence occurred. *Scates v. Sandefer,* 163 Tenn. 558, 44 S.W.2d 310 (1931). The negligence of the family member is therefore imputed to the owner. This rule is firmly established in this state.

It is, of course, another matter to impute the *contributory negligence* of the servant to the master as advocated by the Restatement. This exercise in logic has been labeled "the both ways test." *Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970); *Cole v. Woods,* 548 S.W.2d 640 (Tenn.1977). The test results in the innocent plaintiff's action against a negligent defendant being barred by the negligence of the plaintiff's servant because the plaintiff would have been responsible for the harm caused by the servant if the plaintiff had been a defendant in the case.

We are not unmindful that the both ways test has been critized because it runs counter to the reason why the rule of vicarious liability was adopted in the first place. In Section 23.6 of Harper & James, the Law of Torts, the authors point out:

> [T]he seriousness and growth of the automobile problem and the plight of uncompensated accident victims led to increasing pressure for providing for financially responsible defendants. One response to this pressure was the extension of vicarious liability by the court made "family purpose" doctrine ... This represented a departure from the fault principle so as to impose liability on innocent parties for reasons similar to those leading to workmen's compensation—the owners were better distributors of the risks which their lawful activities created than were their victims.

Under these ... rules expanding vicarious liability beyond the scope of the older law, the question soon arose whether negligence should be imputed to a *plaintiff* on the same new wider basis. Should the bailee's negligence be imputed to his bailor, or the son's to the father, when the bailor or father sues a negligent third person for damage to the automobile? The formal logic to the both ways test would give an affirmative answer, and some courts ... have imputed the negligence on this basis. But this leads to the paradox that a rule which departed from the common law in response to an urge towards wider liability is being used to curtail liability by expanding the scope of a defense to it. Courts that have perceived this difficulty have reevaluated the both ways test. Some of them have found that it lacks validity in this context wherein it would serve as a vehicle of reaction rather than reform. As the Minnesota court has said, "The very reason for holding the consenting owner liable for negligence of the operator of his automobile, that of furnishing financial responsibility to an injured party, is completely absent in the owner's action to recover for damages" done to his car by a negligent third party.

We realize that by adopting the Restatement position we are adding to an innocent party another burden in addition to the liability imposed by the family purpose doctrine. However, if all we are seeking in this area of the law is a financial reservoir then we should say so directly and impose liability in each case on the party more able to pay it.

On the other hand, so long as we have a rule in our law of agency that the master is liable for the negligence of his servant and a rule in the law of torts that the owner of an automobile is liable for the negligence of the family member driving the automobile for a family purpose, the rules should be applied uniformly.

Under the facts of this case we think the jury could have concluded that the family

purpose doctrine applied. They should have been charged that if they found the automobile was being operated for a family purpose the negligence of the daughter would bar any recovery by the mother against the driver of the other automobile.

The verdict of the court below is reversed and the cause is remanded to the Circuit Court of Davidson County for a new trial of the issues wherein Mrs. Stephens is the plaintiff and Mr. Jones is the defendant. Tax the costs on appeal to the appellee.

TODD, P.J. (M.S.), and LEWIS, J., concur.