■ In the Matter of WILLIAM CARROLL, Respondent, v SEACROFT PLAZA, LTD., Appellant.—In an action pursuant to Business Corporation Law § 623 to determine the fair value of the petitioner's shares in Seacroft Plaza, Ltd., the appeal is from an order of the Supreme Court, Suffolk County (Lama, J.), dated February 3, 1987, which denied the appellant's motion pursuant to CPLR 3211 (a) (7) and Business Corporation Law §§ 623 and 910 to dismiss the petition for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellant's motion to dismiss. On a motion to dismiss for failure to state a cause of action each fact alleged must be assumed to be true and the petition or complaint liberally construed in the plaintiff's favor (see, Barr v Wackman, 36 NY2d 371, 375; MacKay v Pierce, 86 AD2d 655). In the instant case, as the Supreme Court noted, the principal facts are uncontested.

The record reveals that the petitioner, Richard J. Cron, and Joseph E. Nolan were equal shareholders in a corporation which was formed to acquire and develop a 7.1-acre parcel of land located in Southold. Each shareholder contributed $12,503.14 toward the purchase price of the property. Subsequently the petitioner objected to the amount of certain development fees the corporation was paying and refused to make any further contributions.

Mr. Cron and Mr. Nolan increased their contributions to compensate for the shortfall created by the petitioner's refusal to pay, but eventually they could not afford to continue. Attempts to refinance the property's mortgage were unsuccessful, and the other shareholders decided to recapitalize the corporation.

A special shareholders' meeting was scheduled for July 29, 1985. The notice of the meeting which was sent to the petitioner contained three proposals. The first was to increase the aggregate number of shares from 200 to 1,000. This was done so there would be enough shares to reflect the contributions Mr. Cron and Mr. Nolan had made to the corporation to make up for the petitioner's deficit. The second was to restrict the sale of stock, and the third was to amend the bylaws to permit ratification by a two-thirds vote of the shareholders of the acts of the board of directors and to sell the corporation's sole asset to a new corporation for cash, distribute the resulting assets and dissolve the corporation within one year.

At the scheduled time for the meeting, before a vote was taken, the petitioner appeared and served a notice of objection pursuant to Business Corporation Law § 623. The vote was taken and the resolutions were passed. After the resolutions were effectuated the corporation sent the petitioner a check for $9,601.36, representing his share in the assets of the corporation.

Ordinarily, when a corporation seeks to increase the aggregate number of shares each of the corporation's shareholders has a preemptive right to purchase enough of the new shares

to preserve his or her percentage interest *(see,* Business Corporation Law § 622 [c], [d]). In the instant case the appellant abolished the petitioner's preemption rights so its capitalization would reflect the contributions made by Mr. Cron and Mr. Nolan. Such an abolition entitled the petitioner to seek appraisal rights *(see,* Business Corporation Law § 806 [b] [6] [C]). The petitioner complied with Business Corporation Law § 623 (a) in filing a notice of objection at the special shareholders' meeting prior to the vote being taken, and therefore preserved his right to an appraisal. Thus, the Supreme Court properly denied the appellant's motion to dismiss. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.