■ U.B.A., INC., et al., Appellants, v NEW YORK CITY TAXI & LIMOUSINE COMMISSION, Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered April 3, 1989, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, and the complaint reinstated, without costs.

Plaintiffs are U.B.A., Inc., the professional organization of licensed taxicab brokers in New York City, and several individual brokers. The defendant New York City Taxi and Limousine Commission regulates taxicab brokers. In 1988 the defendant Commission promulgated new rules and regulations governing taxicab brokers. These new regulations radically increased the schedule of penalties and fines, by way of vastly higher monetary fines, mandatory license suspension provisions for certain infractions, and a minimum 30-day period for any license suspension, for essentially the same offenses that had been governed by the old rules.

Plaintiffs commenced this action seeking a declaratory judgment declaring the new penalty schedule void as unreasonable and arbitrary. The defendant did not answer the complaint, but instead moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The motion was supported by an attorney's affirmation which argued the ultimate merits of the case and claimed that the new regulations were not arbitrary or unreasonable as alleged in the complaint, and could not be overturned since the defendant's promulgation of the new rules was in accordance with its authority and not ultra vires.

The IAS court accepted the city's position and granted the motion to dismiss the complaint pursuant to CPLR 3211 (a)

(7), and in so doing reached out to determine the merits of the complaint.

However, as the city concedes, the court utilized an improper standard on the CPLR 3211 (a) (7) motion. On such a motion, the sole criterion is whether the complaint states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which taken together manifest any cause of action cognizable at law, a motion for dismissal will fail *(e.g., Guggenheimer v Ginzburg,* 43 NY2d 268, 275). A complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists. *(Rovello v Orofino Realty Co.,* 40 NY2d 633.)

Judged by this standard, the complaint sufficiently sets forth a cognizable cause of action. Plaintiffs allege a number of facts from which it can be inferred that the new penalty schedule is unreasonable or arbitrary and capricious. The complaint alleges that there existed no valid reason to radically increase the penalties, and that experience under the old rules revealed no widespread noncompliance or recidivism which would require increased penalties for the purpose of deterrence. Furthermore, the complaint alleged that the mandatory suspension provisions of a 30-day duration are unreasonable because they would, in actuality, result not merely in a 30-day interruption but rather in the loss of the entire value of the broker's business.

These facts sufficiently allege a cognizable cause of action. In a similar case, the Court of Appeals recognized the validity of a challenge to an extreme increase in rates charged by a governmental authority. *(Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400.) In *Lakeland,* while the rate increase at issue was authorized by law, nevertheless, the court allowed the plaintiff's challenge to the increase, as arbitrary and capricious, to stand.

The city, while admitting that the court erred in dismissing the complaint, argues that the order should be affirmed by treating its motion as one for a declaratory judgment in its favor, citing *Arrow Louver & Damper Corp. v Newsday, Inc.* (86 AD2d 513). However, reliance on that case is misplaced. There the court converted a motion for summary judgment into one for a declaratory judgment. Here, however, the procedural posture was a motion to dismiss, on the pleadings only, pursuant to CPLR 3211, and plaintiffs had no notice that the court would reach the ultimate merits of the case and had no opportunity to submit evidentiary material to support their

cause of action. In that posture, it would be as inappropriate for this court to consider the ultimate merits of the action by way of declaratory judgment as it was for the motion court to do so by way of summary judgment. Accordingly, the complaint should be reinstated and plaintiffs given an opportunity to litigate the case on the merits. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.