■ State of New York, Appellant, v Daniel Boutin et al., Respondents. (And Two Other Related Actions.)—Kane, J. P. Appeal from an order of the Supreme Court (Ford, J.), entered July 22, 1988 in Saratoga County, which denied plaintiff's motion for summary judgment.

This action is one of three civil actions joined for trial which stem from the tragic events of November 26, 1985 when defendant Daniel Boutin drove a tractor trailer owned by, among others, defendant J.C. Transport, Inc. into the rear of a State Police vehicle parked behind a disabled truck located partially in the far right southbound lane of Interstate Route 87 in Saratoga County. The police vehicle was crushed between the disabled truck and the tractor trailer, killing the occupants, Trooper Thomas Hudson and Yvan Lemieux, the driver of the disabled truck. The action at issue herein was commenced by plaintiff to recover for damages sustained by the police vehicle as a result of Boutin's negligence. Defendants' answer denied any negligence on Boutin's part and asserted the affirmative defense of negligence on the part of Hudson which caused the damage. Plaintiff thereafter moved for summary judgment which Supreme Court subsequently denied, finding issues of fact as to the negligence of Hudson. This appeal ensued.

We affirm. There is presented the question of whether Hudson's actions were reasonable under all the circumstances,

since there is evidence that the police vehicle was stopped partially in the highway *(see, Andre v Pomeroy,* 35 NY2d 361). Thus, plaintiff could not escape liability under the theory of impermissible imputation of negligence to an absentee owner, as argued by plaintiff, but in fact, is liable for any culpable conduct of its employee in the course of his employment *(see,* Court of Claims Act § 8; *State of New York v Popricki,* 89 AD2d 391, 393-394). Accordingly, summary judgment was properly denied.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.