[606 NYS2d 243]

MICHAEL MAURILLO et al., Respondents, v PARK SLOPE U-HAUL et al., Appellants, AMERCO LEASE COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. OVERHEAD DOOR CORPORATION et al., Third-Party Defendants-Appellants.

Second Department, December 27, 1993

### APPEARANCES OF COUNSEL

*Skadden, Arps, Slate, Meagher & Flom,* New York City *(Jeffrey S. Lichtman* and *Steven F. Napolitano* of counsel), for Park Slope U-Haul and others; *Newman, O'Malley & Epstein, P. C.,* New York City *(Lawrence Epstein* of counsel), for Alex Maurillo, Jr.; and *O'Connor, McGuinness, Conte, Doyle, Oleson & Collins,* White Plains *(Kevin M. Loftus* of counsel), for Overhead Door Corporation and others, appellants. (One brief filed.)

*Gair, Gair, Conason Steigman & Mackauf,* New York City *(Herman Schmertz* of counsel), for respondents.

### OPINION OF THE COURT

SANTUCCI, J.

On this appeal we are asked to consider whether a cause of action for indemnification arising from a one-vehicle accident may be based upon an intrafamilial concept of principal and

agency. On the facts of this case, we conclude that such a cause of action may be asserted.

On July 23, 1987, the plaintiff Alex Maurillo, Sr., asked his three sons, the coplaintiff Michael Maurillo, the defendant Alex Maurillo, Jr., and Christopher Maurillo, to remove certain furniture from the Maurillo family home in Brooklyn and transport it to the family's summer home on Shelter Island. Alex Maurillo, Jr. testified that his father specifically indicated that he should rent a U-Haul vehicle for this purpose, his father provided a credit card in his name to pay for the vehicle's rental, and his father "pointed out several things" which were to be transported.

Pursuant to his father's request and instructions, Alex Maurillo, Jr. rented a U-Haul vehicle from the defendant Park Slope U-Haul, and with the help of his brothers, loaded the furniture into the van. The trip to Shelter Island was uneventful, and after delivering the furniture, the sons began the return journey to Brooklyn later that same day. At the time of the accident, Alex Maurillo, Jr. was driving the vehicle, Christopher Maurillo was seated in the front passenger seat and Michael, the injured plaintiff, was a passenger in the cargo area of the van. Also in the van at that time were three unrelated individuals—friends of the Maurillo brothers —whom the brothers had agreed to drop off in Sag Harbor at a nightclub known as Bay Street. During the operation of the vehicle, Michael repeatedly stood up to close the cargo door, which opened and closed during the trip. At approximately 11:10 P.M., as the van was proceeding through the parking lot of the Bay Street nightclub, it came to a sudden and abrupt stop. When Alex stopped the vehicle, Michael was standing up in the cargo area attempting to close the rear cargo door. As a result of this sudden stop, Michael was propelled to the floor of the van, causing him to sustain severe injury to his cervical spine that rendered him a paraplegic.

In December 1987 the plaintiffs Michael Maurillo and his father Alex Maurillo, Sr., commenced the instant action against, *inter alia*, Park Slope U-Haul and Alex Maurillo, Jr., to recover for the personal injuries suffered as a result of the accident. Alex Maurillo, Sr. seeks to recover damages both individually and in a representative capacity as a parent and natural guardian of Michael. In March 1990 Alex Maurillo, Jr. filed an amended verified answer which contained a counterclaim against his father, Alex Maurillo, Sr. In November 1990 the defendants-appellants Park Slope U-Haul, Amerco

Lease Company, U-Haul Co. of Metro New York, Inc. and U-Haul International, Inc., filed a third amended answer, which included a counterclaim against Alex Maurillo, Sr. Thereafter in March 1991 the third-party defendants-appellants Overhead Door Corporation, Todco Products Group and Todco Door Products filed an answer to the third-party complaint which also alleged a counterclaim against Alex Maurillo, Sr.

The appellants' counterclaims against Alex Maurillo, Sr. seek indemnification and/or contribution on the ground that Alex Maurillo, Sr. engaged his son, Alex Maurillo, Jr., to serve as his agent in driving back and forth to Shelter Island to transport the family's furniture. The counterclaims further allege that Alex Maurillo, Sr., as principal, is liable for the negligent acts of his son as agent within the scope of that agency relationship.

In May 1991 the plaintiffs moved to dismiss the appellants' counterclaims against the plaintiff Alex Maurillo, Sr., essentially for failure to state a cause of action. The plaintiffs asserted that the counterclaims "are patently improper as a matter of law, and should be dismissed inasmuch as there is no doctrine of imputed negligence in the State of New York". In opposition, the appellants asserted that their counterclaims were not based upon the abolished theory of imputed contributory negligence, but rather upon traditional principal-agency law, and that triable issues of fact existed regarding an agency relationship between Alex Maurillo, Sr. and Alex Maurillo, Jr.

In the order appealed from the Supreme Court, Kings County, granted the plaintiffs' motion. This appeal ensued.

Upon a motion to dismiss, the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; see also, U.B.A., Inc. v New York City Taxi & Limousine Commn., 161 AD2d 202; Fleming v Allstate Ins. Co., 106 AD2d 426, affd 66 NY2d 838, cert denied 475 US 1096). Furthermore, upon a motion to dismiss for failure to state a cause of action, a pleading must be given the benefit of every possible favorable inference to be drawn, and every fact alleged must be assumed to be true (see, Rovello v Orofino Realty Co., 40 NY2d 633; Matter of Carroll v Seacroft Plaza, 141 AD2d 724).

 Contrary to the plaintiffs' arguments, the issue on this appeal is not whether the counterclaims seek indemnification based upon the imputation of a driver's negligence to an owner. Rather, the issues are whether an agency relationship existed between Alex Maurillo, Sr. and his son at the time of the accident, and whether under that relationship, the principal can be held liable for the negligent acts of his agent *(see, State of New York v Boutin,* 167 AD2d 697; *State of New York v Popricki,* 89 AD2d 391; *cf., Kalechman v Drew Auto Rental,* 33 NY2d 397). Under the facts of this case, we find that the appellants' counterclaims, with the exception of the one asserted by Alex Maurillo, Jr., state a cause of action for indemnification against the plaintiff, Alex Maurillo, Sr., based upon the liability of a principal for the acts of his agent.

Agency is a legal relationship between a principal and an agent. It is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act *(see,* Restatement [Second] of Agency § 1; *see also, Smirlock Realty Corp. v Title Guar. Co.,* 70 AD2d 455, *mod on other grounds* 52 NY2d 179). The agent is a party who acts on behalf of the principal with the latter's express, implied, or apparent authority.

Under most circumstances, intrafamilial activity will not give rise to an agency relationship, and we are aware of the general rule that a parent is not liable for the torts of a child. Nevertheless, a cognizable cause of action may be asserted against a parent under a theory of vicarious liability where the child is in fact the agent of the parent *(see, Steinberg v Cauchois,* 249 App Div 518). In the *Steinberg* case, the Court held that a parent may be vicariously liable for the torts of a child "[w]here the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent" *(Steinberg v Cauchois, supra,* at 519). The law that governs a master-servant relationship is applicable to a principal-agent relationship in this case, since the dispute focuses on liability for a party where control of that person clearly exists.

Our research reveals no reported New York case where an indemnification cause of action based upon a principal-agent relationship has been asserted in the context of a motor vehicle accident such as the one at bar. However, pursuant to what is known as the "family automobile doctrine", which is widely subscribed to throughout the United States, a parent is

made responsible for liability incurred through the authorized use of an automobile owned and used for family purposes, by a member of the parent's household pursuant to the parent's orders or in the parent's business. This liability is substantially the same as that of a principal for the negligence of his agent *(see, Stephens v Jones,* 710 SW2d 38 [Tenn]; *Driver v Smith,* 47 Tenn App 505, 339 SW2d 135; *Cameron v Downs,* 32 Wash App 875, 650 P2d 260; *Morrison v District Ct.,* 143 Colo 514, 355 P2d 660; *Piechota · v Rapp,* 148 Neb 442, 27 NW2d 682; *see also, Slutter v Homer,* 244 Md 131, 223 A2d 141).

In the case at bar, the appellants have alleged sufficient facts to demonstrate the possibility of a principal-agent relationship at the time the accident occurred. Where the circumstances alleged in the pleading "raise the possibility of a principal-agent relationship", and no written authority for the agency is established, questions as to the existence and scope of the agency must be submitted to the jury *(Fogel v Hertz Intl.,* 141 AD2d 375, 376; *Hedeman v Fairbanks, Morse & Co.,* 286 NY 240).

In undertaking the trip back and forth to Shelter Island, Alex Maurillo, Jr. was acting upon the request of his father, at the father's direction, and for the father's benefit. In addition, the rental of the vehicle involved was paid for with the father's credit card. At the very least, these circumstances raise a triable issue of fact regarding agency which is sufficient to defeat the plaintiffs' motion to dismiss.

Moreover, contrary to the plaintiffs' assertions, agency rules do not only apply to a parent-child relationship solely within a strictly business or employment context. It is well settled that members of a family may enter into a gratuitous agency relationship where there is no evidence of any payment incident to the agency relationship *(see, Heine v Papp,* 97 AD2d 929; *Burgess v Fadden,* 22 AD2d 713; *Stephens v Jones,* 710 SW2d 38, *supra).* Nor is the agency relationship vitiated by the fact that the accident occurred while Alex Maurillo, Jr. was in the process of dropping off his friends at the Bay Street nightclub. Agency liability exists even though the principal does not specifically ratify, participate in, or know of such "misconduct", or even if he forbade or disapproved of an act (3 NY Jur 2d, Agency, § 254). And significantly, the "[m]ere deviation from the ordinary route or from that selected by the master, even for a purpose conceived by the servant, does not relieve the master from liability if his business, generally speaking, is still being carried on" *(Bryan v Bunis,* 208 App

Div 389, 390). Here, the very slight deviation necessary to drop off the friends at the Bay Street nightclub, which was adjacent to the very road which the Maurillos would take to ultimately proceed back to Brooklyn, did not alter the agency relationship. In addition, since Alex Maurillo, Sr. expected his sons to return to Brooklyn that same day in order to return the U-Haul vehicle the following morning, the agency relationship extended at least until the return to Brooklyn.

Accordingly, we conclude that the appellants' counterclaims for indemnification, with the exception of the one asserted by Alex Maurillo, Jr., state a cognizable cause of action sufficient to withstand the plaintiffs' motion to dismiss.

With respect to the counterclaim of Alex Maurillo, Jr. for contribution or indemnification, this claim was properly dismissed because Alex Maurillo, Jr., as the driver of the van, was the allegedly actively negligent tortfeasor in this case. While contribution or indemnity may be sought from one who is only vicariously liable for the injury involved, it may not be sought on behalf of the tortfeasor whose negligence is being imputed to those vicariously liable (see, *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,* 58 AD2d 397, *affd* 45 NY2d 551).

Accordingly, the order is modified, on the law, by deleting the provisions thereof which granted those branches of the motion which were to dismiss the counterclaims against Alex Maurillo, Sr., on behalf of all defendants and third-party defendants other than Alex Maurillo, Jr., and substituting therefor provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the appellants other than Alex Maurillo, Jr., payable by the respondents.

LAWRENCE, J. P., EIBER and O'BRIEN, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the motion which were to dismiss the counterclaims against Alex Maurillo, Sr., on behalf of all defendants and third-party defendants other than Alex Maurillo, Jr., and substituting therefor provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the appellants other than Alex Maurillo, Jr., payable by the respondents.