■ DAVID DIAZ, Respondent, v ELRAC, INC., Appellant, et al., Defendants. [789 NYS2d 116]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 14, 2003, which, in this personal injury action, denied defendant-appellant Elrac, Inc.'s motion for summary judgment on its counterclaims for contractual indemnification from plaintiff, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 31, 2003, denying Elrac's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

Plaintiff was passenger in a vehicle rented from Elrac and driven by defendant Marco Donofrio at the time of the accident. Plaintiff's mother, Iris Diaz, rented the vehicle at plaintiff's request because he did not have a credit card available, and plaintiff was named as an additional driver on the rental agreement. The rental agreement contained a "Renter's Indemnity Provision" pursuant to which the renter agreed to indemnify and hold Elrac harmless from any claims, liabilities, damages, costs and expenses incurred by Elrac in connection with the rental transaction. Elrac contends in its first two counterclaims that since plaintiff made a claim for damages against it based upon an alleged failure to equip the rental vehicle properly, plaintiff must indemnify it for all amounts in excess of the minimum financial responsibility limits in New York State. Contrary to Elrac's contentions, these counterclaims are not amenable to summary adjudication. Issues of fact as to whether plaintiff is bound by the "Renter's Indemnity" were raised by Elrac's own witness, who testified that the renter was responsible for indemnifying Elrac, and that Iris Diaz, not plaintiff, was the renter of the vehicle in question. Summary relief on indemnification would also be inappropriate since there are unresolved issues of fact respecting Elrac's alleged negligence in maintaining the rental vehicle (see Maurillo v Park Slope U-Haul, 194 AD2d 142, 148 [1993]).

Finally, even if plaintiff violated the terms of the rental agreement when he permitted Mr. Donofrio, who was not identified in the agreement as an additional driver, to operate the rental vehicle, Elrac would not be entitled to summary judgment upon its claim for full indemnification because there is a triable question as to whether Mr. Donofrio's use of the vehicle was, under the circumstances, permissive within the meaning of Vehicle and Traffic Law § 388 (see Murdza v Zimmerman, 99 NY2d 375, 380-381 [2003]; Motor Veh. Acc. Indem. Corp. v Continental Natl. Am. Group Co., 35 NY2d 260 [1974]).

We have considered Elrac's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Marlow, Williams and Sweeny, JJ.