# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

# FILED

**November 23, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| KENNETH DAVIS, T.Q. HEIDEL, JR. | ) | |
| and GAIL F. WORTLEY, | ) | 03A01-9902-CH-00072 |
| | ) | |
| Plaintiffs/Appellants | ) | Appeal As Of Right From The |
| | ) | MORGAN COUNTY |
| v. | ) | CHANCERY COURT |
| | ) | |
| BOWATER, INC., | ) | HON. FRANK V. WILLIAMS, III |
| | ) | |
| Defendant/Appellee. | ) | |

**For the Appellants:**
Gail F. Wortley
3715 Powers Street
Knoxville, TN 37917

**For the Appellee:**
James Frank Wilson
P. O. Box 160
Wartburg, TN 37887

REVERSED AND REMANDED

Swiney, J.

# O P I N I O N

        In this dispute over Bowater, Inc.'s cutting of timber on a certain tract of land, Kenneth

Davis, T. Q. Heidel, Jr. and Gail F. Wortley ("Appellants"), appeal the Trial Court's grant of summary

judgment to Bowater ("Appellee"). Appellee's T.R.C.P. Rule 56 motion for summary judgment and its Rule 56.03 Statement of Material Facts Not in Dispute filed with the Trial Court in support of its Motion For Summary Judgment assert that it is the owner of the legal title and in possession of the land which Appellants claim to own, and that Appellants' responses to discovery requests submitted to them asking them to identify the source and extent of their title and boundaries are, as a matter of law, insufficient to establish Appellants' legal title to the land in question. Appellants did not file a Rule 56.03 response to Appellee's Rule 56.03 Statement of Material Facts Not in Dispute. The Trial Court granted Appellee's motion for summary judgment. The sole issue presented for review is whether the Trial Court erred in granting Appellee summary judgment. We reverse the judgment of the Trial Court.

## BACKGROUND

Appellants filed their Complaint in this case on April 3, 1998, alleging that they are the owners of a 58 acre tract of land in Morgan County. They alleged that the land was acquired by their grandfather, T. Weidemann, in 1950 and "is as described in the Deed record book Y-4, Page 511, in the Morgan County Register of Deeds Office." They further alleged that Appellee had invaded their property and cut timber, for which they sought damages of $75,000 for the decrease in value of the property. They attached to the complaint a copy of what appear to be pages 571 and 572 of Deed Book Y-4, which appear to contain a Deed of June 23, 1950, quit claiming one-half interest in a 58 acre parcel of land from Frederick Stone to T. Weidemann.

Appellee filed its Answer on May 22, 1998, denying generally the allegations in Appellants' Complaint, and also asserting affirmative defenses: (1) failure to state a claim upon which relief can be granted, (2) equal or greater negligence by Appellants in failing to mark the bounds of the land they claim, (3) Special Warranty Deed dated July 19, 1988 from Billy Williamson Lumber and Tie Company, Inc. to Appellee, and marking of its property lines in accordance with this deed in 1990 and 1995, "including the bounds of its property it believes it timbered resulting in Plaintiff's claim," (4) laches, (5) title ownership in fee for more than 7 years of a 285 acre tract with open, notorious, continuous, adverse and hostile possession of said tract, and (6) bar of the suit for failure to file a timely claim.

On June 19, 1998, Appellee filed a Request for Production of Documents and served " First Interrogatories Propounded to Plaintiffs by Defendant." On August 24, 1998, Appellee filed a Motion to Compel the requested discovery. Appellants answered on November 18, 1998. Interrogatory answer No. 3 states that "[p]laintiffs can locate their boundaries, along with Robert Lavender (copy of deed attached)." The deed attached is a copy of the same quit claim deed filed with the Complaint. No other deed was submitted under Appellee's Request for Production of Documents, which asked Appellants to identify all documents proving title.

On December 15, 1998, Appellee filed its Motion for Summary Judgment, and the following day filed its Statement of Material Facts Not in Dispute as required by T.R.C.P. Rule 56.03. That Motion and Statement asserted ownership of the legal title and possession of the land which Appellants claim and denied Appellants' title. Appellee further asserted that Appellants' responses to its discovery requests indicate that Appellants' source of legal title is insufficient as a matter of law to establish their title to the land in question. Appellees filed no Rule 56.03 response to Appellant's Statement Of Material Facts Not In Dispute. The Trial Court granted Appellee's Motion for Summary Judgment.

## DISCUSSION

The Motion for Summary Judgment was heard by the Trial Court on January 21, 1999. After oral argument by counsel, the Trial Court stated:

> "First of all there is no response. A Motion for Summary Judgment and a Statement of Material Facts that are not in dispute. All of the attached materials are materials which the Defendant has filed in support of this Motion and there is some question about some of these things in my mind. Particularly the deed here, I feel like at this point I have really no choice but to sustain."

When evaluating a motion for summary judgment, the Trial Court should consider "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial." *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn. 1993). No presumption of correctness attaches to decisions granting summary judgment when

they involve only questions of law. *Hembree v. State,* 925 S.W.2d 513 (Tenn. 1996); Tenn.R.App.P. 13(d). The Court of Appeals must view the evidence in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. *Gray v. Amos,* 869 S.W.2d 925 (Tenn. Ct. App. 1993).

Rule 56.03 of the Tennessee Rules of Civil Procedure states that a party opposing a Motion for Summary Judgment ". . . must respond to each fact set forth by the movant [in movant's Rule 56.03 Statement] . . . " regardless of whether or not the fact is disputed. The language of Rule 56.03 is clear and unequivocal. The party opposing summary judgment "must respond to each fact set forth by the movant . . . ." Appellants ignored this requirement and filed nothing in opposition to the Motion for Summary Judgment. However, prior to the filing of Appellee's Motion For Summary Judgment, Appellants had filed sworn answers to interrogatories with the Trial Court.

The requirement that the party opposing a Motion for Summary Judgment must respond to each fact set forth by the movant in its Rule 56.03 Statement is triggered by the filing of the movant's Rule 56.03 Statement. In this case, however, the Appellee's purported Rule 56.03 Statement does not satisfy Rule 56.03, as it is not a "separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial" with specific citations to the record. Instead, Appellee's Rule 56.03 filing states only that Appellants filed the complaint and what it alleged, that Appellee filed an answer and what it claimed, that Appellee submitted certain discovery requests to Appellants, and then states Appellee's legal conclusion that Appellants' responses to discovery requests indicating their source of legal title are "insufficient as matter of law to establish their title." This document is not a Statement of Material Facts to which there is no genuine issue for trial as contemplated by Rule 56.03. There was no proper Rule 56.03 filing by Appellee which triggered the requirement that Appellants file their Rule 56.03 response.

Attached to Appellee's Motion for Summary Judgment as exhibit A were copies of Appellants' responses to interrogatories and requests to produce documents. The sworn interrogatory answers aver that Appellants inherited the land in question from their parents. They attached a copy of a

quit claim deed, which they swore was to their grandfather, and which they say covered the property in dispute, property they inherited from their parents. They also attached a copy of a property tax notice and a portion of a tax map, showing parcel 1.02 of tax map 51. The property tax notice was also for parcel 1.02 of tax map 51, and apparently was addressed to two of the Appellants. Parcel 1.02 contains 58 acres, and *adjoins a 285 acre tract.* Appellee in its answer to the complaint alleged that it was in possession of a tract of land in Morgan County *containing 285 acres* and that it cut timber on this 285 acres.

From this record, we cannot say that the requirements of Rule 56, given our standard of review of a Trial Court's granting of summary judgment, have been satisfied. As did the Trial Court, we have ". . .some question about some of these things. . . ." There appear to be genuine issues of material fact. The Trial Court erred in granting Appellee's Motion for Summary Judgment.

## CONCLUSION

The judgment of the Trial Court is reversed and this cause is remanded to the Trial Court for such further proceedings, as may be required, consistent with this Opinion. The costs on appeal are assessed against the Appellee.

_____
D. MICHAEL SWINEY, J.

**CONCUR:**


_____
HOUSTON M. GODDARD, P.J.




_____
HERSCHEL P. FRANKS, J.