IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## DONALD MALONE and LYNN MALONE, d/b/a MALONE & SON'S WRECKER AND REPAIR SERVICE, LLC, v. ASSOCIATES COMMERCIAL CORPORATION

**Direct Appeal from the Circuit Court for Greene County**
**No. 98CV127     Hon. John K. Wilson, Judge**

---

**No. E2000-00220-COA-R3-CV - Decided April 26, 2000**

---

Plaintiff brought an action for the wrongful removal of a tractor trailer from his premises. The portion of the action relating to compensatory damage was settled between the parties by the defendant paying plaintiff $2,500.00. The Trial Judge had granted partial summary judgment to defendant on the issue of punitive damages, and the settlement preserved that issue for appeal. Plaintiff has appealed. We reverse the Trial Court's judgment on the issue of punitive damages.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Trial Court Reversed.**

FRANKS, J., delivered the opinion of the court, in which SUSANO, J., and SWINEY, J., joined.

James t. Bowman and A. Scott Pratt, Johnson City, Tennessee, for Appellant.

James A. Matlock, Jr., and Michael P. McGovern, Ayres and Parkey, Attorneys, Knoxville, for Appellee.

### OPINION

The sole issue on appeal is whether defendant was entitled to summary judgment on the issue of punitive damages.

Plaintiff held for storage a 1984 International Cabover Truck with Trailer from

October 2, 1996. The unit was stored at plaintiff's business location in Greeneville, Tennessee, behind a five to six-foot high chainlink fence with access to the lot through a gate. According to plaintiff's testimony, the defendant approached plaintiff and informed him of its security interest. Plaintiff understood that Associates had agreed to pay the storage bill, in order to obtain the vehicle, but during the night time of April 12, 1997, employees of a recovery service hired by Associates entered plaintiff's premises by tearing the top hinge pins from the gate, removing the gate, and then removing the tractor trailer from the premises. The gate sustained some damage, and a guard dog, according to plaintiff's testimony, was injured during the removal.

In *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992), the Supreme Court set out criteria for determining whether punitive damages may be awarded. In so doing, the Court restricted the availability of such damages to "cases involving only the most egregious of wrongs." p. 901. The Court held that:

> [A] court may henceforth award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously; or (4) recklessly.

When evaluating a motion for summary judgment, the trial court should consider "(1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for a trial." *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993).

Our review is *de novo* upon the record of the Trial Court with no presumption of correctness to the decision granting summary judgment. *Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996). Moreover, this Court must view the evidence in the light most favorable to the opponent of the motion, and all legitimate conclusions of fact must be drawn in favor of the opponent. *Gray v. Amos*, 869 S.W.2d 925 (Tenn. App. 1993). Viewing the facts in the light most favorable to the plaintiff, we believe that a trier of fact could find the defendant had acted both intentionally and fraudulently in its repossession of the tractor trailer.

"A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result." *Hodges* at 901. Associates intentionally hired an agent to repossess the vehicle when it knew that Malone had a storage agreement with the owner and had a lien for the cost of storage. The agent intentionally entered plaintiff's closed and locked premises with force at night to remove the vehicle. Associates arguably intended for its agent to enter the closed premises while the plaintiff was not there to achieve its desire result of repossession. Associates knew, or should have known, that the actions by the repossessors amounted to a breach of the peace and should have instructed its agents not to enter any closed premises.[1] The acts of agents are imputed to Associates, as one cannot delegate the duty not to breach the peace.

---

[1]Associates faced a similar lawsuit several years ago for breach of the peace during a repossession. *Clark v. Associates Commercial Corporation,* 877 F.Supp 1439 (D. Kan. 1994).

"A person acts fraudulently when (1) the person intentionally misrepresents an existing material fact or produces a false impression in order to mislead another, or to obtain an undue advantage; and (2) another is injured because of the reasonable reliance upon the representation." *Hodges* at 901. Plaintiff testified he was misled by defendant and relied on defendant's representations that he would be paid and no attempt would be made to take the tractor by force.

We held in *McCall v. Owens*, 820 S.W.2d 748 (Tenn. Ct. App. 1991), that where a repossessor uses force and breaches the peace, the repossessor may be liable for trespass, conversion, assault and battery and other torts, and compensatory and punitive damages may be recovered.

In *Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23, (Tenn. Ct. App. 1991), the Court found that plaintiff debtor was not entitled to punitive damages, despite the fact that the creditor breached the peace in its repossession of the car. Defendant argues that the two cases are in conflict. We do not agree. The *Davenport* court found the actions in that case constituted a "breach of peace", and in doing the Court said:

> Neither violence, the threat of violence, nor personal confrontation is necessary in order for a secured party's conduct to amount to a breach of the peace under Tenn. Code Ann. §47-9-503.

*Id.* at 29.

The Court recognized that public policy favors peaceful, non-trespassory repossessions when the secured party has a free right of entry.

> [F]orced entries onto the debtor's property or into the debtor's premises are viewed as seriously detrimental to the ordinary conduct of human affairs. Accordingly, courts have consistently found that repossessions accompanied by breaking locks or cutting chains are inconsistent with the Uniform Commercial Code.
>
> The courts have also disapproved of repossessions in which the secured party or its agent entered the debtor's closed premises without permission, and repossessions causing damage to the debtor's property.

*Id.* at 29-30.

The Court in *Davenport* declined to award punitive damages, emphasizing the fact that plaintiff put on little proof of actual damages, and stated "a party is entitled to punitive damages only if it recovers actual damages." In *McCall*, it was undisputed that plaintiff suffered damages.

In this case, there was no trial on the underlying claims. Instead, the parties entered an Agreed Judgment for compensatory damages in the amount of $2,500.00. By the nature of the judgment, there were no findings of fact as to damages; however, it can be reasonably inferred that

the plaintiff suffered damages from the repossession of at least $2,500.00. Thus, the need for actual damages before there can be an award of punitive damages, as discussed in *Davenport* has been met. Additionally, the undisputed facts in the case, establish that the defendant, through its agents, committed a breach of the peace in the repossession. Courts of this jurisdiction, as well as many others, have held that a secured party is vicariously liable for the wrongful acts of repossessors, even when the repossessor is an independent contractor. *See McCall* p. 752. Clearly, breaking and entering another's premises realistically is accompanied by the "threat of force", even when the owner is not at home, because the repossessor generally would not be aware of the fact and someone could arrive at any time.

Repossession is a harsh procedure, and is essentially a delegation of the State's exclusive prerogative to resolve disputes. Accordingly, statutes and legal principles governing repossession should be construed in a way that prevents abuse, or discourages illegal conduct which might otherwise go unchallenged because of the debtor's lack of knowledge of legally proper repossession techniques. *Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23, 30 (Tenn. Ct. App. 1991). Forced entries onto another's property or into another's premises are seriously detrimental to the ordinary conduct of human affairs. *Id.* at 29 (citing *Riley State Bank v. Spillman,* 750 P.2d 1024, 1030 (Kan. 1988)).

Moreover, this is not the first time that Associates has been sued for wrongful repossession due to a breach of the peace. As the Court is *Clark v. Associates Commercial Corp.* stated, "a substantial award of punitive damages would serve to punish Associates for allowing a breach of the peace to occur, and would hopefully motivate Associates to take additional precautions to prevent future violent repossessions." 877 F.Supp 1439 (D. Kan. 1994).

We reverse the judgment of the Trial Court and remand for further proceedings on the issue of punitive damages, with the cost of the appeal assessed to the appellee.